Appeal of **LINCOLN DRUG CO.**          Docket No. 1403.

Submitted February 18, 1925; decided March 18, 1925.

*Louis J. Gregorson, C. P. A.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before JAMES and TRUSSELL.

This appeal is from a proposed additional assessment of income and profits taxes for the year 1919 in the amount of $3,871.62. Of this sum only the amount of $2,319.24, resulting from the disallowance by the Commissioner of certain items charged off as bad debts, is in dispute. From the facts set forth in the petition, all of which are admitted by the answer of the Commissioner, the Board makes the following

### FINDINGS OF FACT.

The taxpayer, a Nebraska corporation, is engaged in the wholesale drug business at Lincoln, Nebr., and has been so engaged since incorporation in 1897. In 1919 its common stock was owned entirely by Aaron S. Raymond and his immediate family. Out of the 1,000 shares of common stock, Aaron Raymond owned 793 shares and his daughter, Mrs. Ruth Raymond Gavin, owned 22 shares.

Prior to August 1, 1916, the taxpayer sold merchandise to the Purity Drug Co., of Concordia, Kans., and the Purity Drug Co., of Clay Center, Kans., both of which companies were incorporated, all of the common stock of both being owned by J. E. Gavin, of Lincoln, Nebr., who is now in the employ of the taxpayer as a department manager. On August 1, 1916, the taxpayer accepted in payment of merchandise sold to the Purity Drug Co., of Concordia, Kans., and the Purity Drug Co., of Clay Center, Kans., notes in the amount of $4,000 and $3,750, respectively. The first-mentioned note was unpaid at August 1, 1919, and the maker of the note, the Purity Drug Co., of Concordia, was indebted to the taxpayer on open account for merchandise in the amount of $7,633.36. On this date the Purity Drug Co., of Concordia, Kans., paid $2,500 on the $4,000 note and gave a new note in payment of the open account of $7,633.36. This last-mentioned note remains unpaid at the present time. After accepting this note, August 1, 1919, in payment of the open account, the taxpayer opened another account and sold and continues to sell on open account to the Purity Drug Co., of Concordia, Kans., up to the present time. The taxpayer charged off as a bad debt in 1919 $1,500, representing the unpaid balance of the $4,000.

On August 1, 1919, the Purity Drug Co., of Clay Center, Kans., was indebted to the taxpayer for a note in the amount of $3,750 and on the open account in the amount of $6,931.42. On that date the maker of the note paid $1,000 thereon and gave a new note in payment of the open account of $6,931.42. The taxpayer charged off as a bad debt in 1919 the amount of $2,750, which represents the difference between the full amount of the note, $3,750, and the payment made thereon, $1,000. The note of $6,931.42 remains unpaid at the present time. After accepting this note on October 1, 1919, in pay-

ment of the open account, the taxpayer opened another account with the Purity Drug Co., of Clay Center, Kans., and sold and continues to sell on open account to this company up to the present time.

The taxpayer's records show sales of merchandise to the two corporations in the following amounts, approximately:

| Year | Purity Drug Company | | Year | Purity Drug Company | |
|---|---|---|---|---|---|
| | Clay Center | Concordia | | Clay Center | Concordia |
| 1915 | $8,204.00 | $5,179.00 | 1920 | $4,535.00 | $5,200.00 |
| 1916 | 6,196.00 | 6,600.00 | 1921 | 2,630.00 | 6,252.00 |
| 1917 | 3,400.00 | 6,000.00 | | | |
| 1918 | 4,564.00 | 4,026.00 | Total | 35,193.00 | 40,011.00 |
| 1919 | 5,664.00 | 6,754.00 | | | |
| Total | 28,028.00 | 28,559.00 | | | |

Sales years 1915 to 1919, inclusive:
```
    Clay  Center_____ $28,028.00
    Concordia_____ 28,559.00

        Total_____ 56,587.00
```

### DECISION.

The above facts are not sufficient to establish " debts ascertained to be worthless " and the determination of the Commissioner is approved.

---

### Appeal of A. H. STANGE.          Docket No. 553.

A resolution of the board of directors of a corporation directing that a surplus fund be placed to the credit of the stockholders, " to be paid to the stockholders when and as directed by the officers or directors," constitutes a dividend at the time the resolution was passed.

A dividend declared by a corporation in 1917, prior to August 6 of that year, out of a surplus existing at March 1, 1913, is not taxable to its stockholders as income even though the corporation had earnings or profits in the years in which payment was made out of which the dividend could have been paid.

The Board has no jurisdiction to consider an appeal filed by a taxpayer on behalf of other taxpayers similarly situated, who do not join in the appeal.

Submitted January 21, 1925; decided March 18, 1925.

*W. W. Spaulding, Esq.*, and *Allen R. Smart, C. P. A.*, for the taxpayer.

*A. Calder Mackay, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal by the taxpayer from a determination of the Commissioner proposing to assess additional taxes for the years 1918 and 1919. From the stipulation of facts presented at the hearing the Board makes the following